May Term, 1858.

THOMPSON
v.
COOPER.

---

THOMPSON and Others v. COOPER and Others.

Suit to recover damages for the unlawful taking of property. Answer, 1. A general denial. 2. That the property belonged to *A.*, who fraudulently conveyed the same to the plaintiffs to defraud his creditors; that while he owned the property it was attached by one of the defendants, who was deputy sheriff, on proceedings for debt by *B.;* that while the property was in the hands of the sheriff, under attachment, an execution was issued upon a judgment in favor of *B.*, which was levied upon the same property by the same person; that this was the taking complained of. No reply. It was admitted that the taking was upon execution issued upon a judgment, as alleged in the answer. *Held*, that the averment that there was a judgment against *A.* must be taken as true.

Wednesday, June 23.

APPEAL from the *Marshall* Circuit Court.

DAVISON, J.—The complaint in this case charges that the appellants, who were the defendants, on, &c., unlawfully, and without leave, took a large quantity of merchandize, consisting of boots, shoes, hats, prints and sheetings belonging to the appellees, who were the plaintiffs, which property the plaintiffs afterwards, on, &c., demanded of the defendants, but they refused to deliver the same, or any part thereof, to the plaintiffs. It is averred that the property so taken is worth 500 dollars, and for that amount judgment is demanded, &c.

The defendants' answer contains three paragraphs. The first is a general denial. The second and third are substantially the same. They aver that the property mentioned in the complaint was the property of one *Nelson*

*W. Pearson*, and that while he so owned the property, he fraudulently conveyed the same to the plaintiffs to cheat and defraud his creditors; and that in *July*, 1855, while he, *Pearson*, so owned the property, an attachment issued against his property (on proceedings for debt pending in the *Marshall* Common Pleas, by *Dunham, Church & Co.*, against him, *Pearson*), in which the same property, so fraudulently conveyed, was attached by the defendant, *Thompson*, who was then and there deputy sheriff, &c.; that while said goods were so in the hands of said sheriff, under attachment, an execution was issued on a judgment in favor of said *Dunham, Church & Co.* against *Pearson*, which was levied on said goods by *Thompson*, as such deputy sheriff, and which is the same taking alleged, &c.

There was no reply to the answer. Verdict for the plaintiffs. New trial refused, and judgment.

There is a bill of exceptions which shows that the plaintiffs, upon the trial, admitted "that the goods taken were taken on an execution issued on the 18th of *July*, 1855, upon a judgment in the *Marshall* Common Pleas, rendered on the 17th of *July* in the same year, in favor of *Dunham, Church & Co.* against *Nelson W. Pearson*, and were levied on by an attachment issued at the time the suit in which said judgment was rendered was brought, and that the goods levied on are the same goods described in the complaint." This admission presents the only facts which at all relate to the questions raised for our consideration.

The evidence being closed, the Court, at the instance of the plaintiff, and over the defendants' objection, instructed as follows: "Before the defendants in this case can justify under the execution, by attacking the transaction between *Pearson* and the plaintiffs for fraud, they must show the existence of a judgment against *Pearson*, and the judgment can only be shown by producing the record of it." The position assumed by this instruction is, in the abstract, correct. But in its application to the case made by the record, the Court, in our opinion, committed an error. We have seen that there was no reply to the answer; and as the second and

third paragraphs set up a valid justification, and there being no reply, these paragraphs, so far as they aver that there was judgment against *Pearson*, must, for the purposes of the action, be taken as true. 2 R. S. p. 44, § 74.—*McCarty* v. *Roberts*, 8 Ind. R. 150. Moreover, the bill of exceptions explicitly shows that the plaintiffs upon the trial admitted the existence of such judgment. In view of these admissions in the record, it seems to us that the instruction was not pertinent to the case, and should not have been given, because it may have misled the jury.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. W. Chapman* and *J. B. Meriwether*, for the appellants.